# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
ANA QUARTARONE, as parent and \*
next friend of O.Q., a minor      \*     No. 20-522V
     \*     Special Master Christian J. Moran
     Petitioner,     \*
v.     \*     Filed: September 29, 2022
     \*
SECRETARY OF HEALTH     \*     Stipulation; Influenza vaccine;
AND HUMAN SERVICES,     \*     serum sickness like reaction;
     \*     small fiber neuropathy.
     Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Howard Scott Gold, Gold Law Firm, Wellesley, MA, for Petitioner;
Lynn Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On August 29, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Ana Quartarone on behalf of her daughter, O.Q. on April 28, 2020. Petitioner alleged that the influenza vaccine O.Q. received on October 25, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a serum sickness like reaction and small fiber neuropathy. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Respondent denies that the influenza vaccine caused petitioner to suffer from a serum sickness like reaction, small fiber neuropathy, or any other injury.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **An amount of $57,500 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

**This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ANA QUARTARONE, *as parent and next friend of* O.Q., *a minor*

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**No. 20-522V**
**Special Master Moran**
**ECF**

## STIPULATION

The parties hereby stipulate to the following matters:

1.   Petitioner, Ana Quartarone, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") on behalf of her daughter, O.Q., a minor. The petition seeks compensation for injuries allegedly related to O.Q.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.   O.Q. received a flu vaccine on or about October 25, 2018.

3.   The vaccine was administered within the United States.

4.   The petition alleges that the flu vaccine caused O.Q. to develop a serum sickness like reaction and small fiber neuropathy, and that O.Q. experienced the residual effects of this injury for more than six months.

5.   Petitioner represents that there has been no prior award or settlement of a civil action for damages arising out of the alleged vaccine injury.

6.   Respondent denies that the vaccine caused O.Q. to develop a serum sickness like

reaction or small fiber neuropathy, and further denies that the vaccine caused O.Q. to suffer any other injury or O.Q.'s current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

   a. An amount of $57,500.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of O.Q., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to O.Q. for all other damages that

would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. For pain and suffering, a certain lump sum of $67,914.72 payable on December 8, 2027.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $57,500.00. In the event that the cost of the annuity set forth above varies from $57,500.00, the certain lump sum payment to be made on December 8, 2027, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $57,500.00. Should O.Q. predecease the payment of the certain lump sum payment set forth above, such payment shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of O.Q.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any

proceeding upon this petition.

13. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

14. Payment(s) made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of O.Q. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or if necessary, will become, duly authorized to serve as guardian of O.Q.'s estate under the laws of Massachusetts.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in petitioner's individual capacity as legal representative of O.Q., and on behalf of petitioner, O.Q. and O.Q.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of O.Q. resulting from, or alleged to have resulted from, the vaccination as alleged by petitioner in a petition for vaccine compensation filed on or about April 28, 2020, in the United States Court of Federal Claims as petition No. 20-522V.

18. If O.Q. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused petitioner's alleged injury or any other injury or petitioner's current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to O.Q.'s heirs, executors, administrators, successors, and/or as legal representatives of O.Q.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Ana Quartarone*

Ana Quartarone, *as parent and next friend*
*of* O.Q., *a minor*


**ATTORNEY OF RECORD**
**FOR PETITIONER:**

Howard S. Gold
Attorney for Petitioner
GOLD LAW FIRM, LLC
1 Hollis Street
Wellesley Hills, MA 02482
Tel: 781-239-1000
Email: hgold@goldlawfirm.net


**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

George R.
Grimes -S14

Digitally signed by George R.
Grimes -S14
Date: 2022.07.27 11:48:25
-04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857


**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

Lynn C. Schlie
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-3667
Email: Lynn.Schlie@usdoj.gov


Dated: 8|29|22